J-A25044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER ANN STEPHENSON | : | |
| | : | |
| Appellant | : | No. 285 WDA 2021 |

Appeal from the PCRA Order Entered February 10, 2021
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000163-2018

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: FEBRUARY 11, 2022**

Appellant, Jennifer Ann Stephenson, appeals from the order dismissing her first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously set forth the relevant factual and procedural history of this matter:

> On December 27, 2017, police officers from the Oil City Police Department and the Venango County Sheriff's Department arrived at [Appellant's] residence at 707 Orange Street, Oil City, Pennsylvania, in an attempt to serve a warrant on Benjamin Kachik ("Kachik").  The officers believed Kachik was staying with [Appellant].  [Appellant] gave the officers permission to search her residence for Kachik.  Oil City Police Chief Robert Wenner ("Chief Wenner") and Officer Regina Deloe ("Officer Deloe") entered one of the bedrooms, at which time [Appellant] indicated

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

that the bedroom was not hers, and that someone else, *i.e.*, Justin Steetle ("Steetle"), was staying there. The officers nevertheless checked the room and the closet, where Chief Wenner observed a Mossburg .270 caliber rifle. Because Chief Wenner had interacted with [Appellant] previously, he knew that [Appellant] had prior felony convictions and was not permitted to possess a firearm. [Appellant] was subsequently arrested and charged with persons not to possess firearms[2] and receiving stolen property.

A jury found [Appellant] guilty of persons not to possess firearms, and not guilty of receiving stolen property. On September 7, 2018, following preparation of a pre-sentence investigation report, the trial court sentenced [Appellant] to a term of 5 to 10 years in prison, with credit for time served. [Appellant] filed a timely Post-Sentence Motion, challenging the verdict as against the weight of the evidence. The trial court denied the Post-Sentence Motion.

***Commonwealth v. Stephenson***, No. 1519 WDA 2018, 2019 WL 6242296, at *1 (Pa. Super. filed Nov. 21, 2019) (unpublished memorandum).

Appellant did not initially appeal her conviction, but her direct appeal rights were reinstated by the PCRA court, and Appellant then filed an appeal. On November 21, 2019, this Court affirmed Appellant's judgment of sentence. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On April 30, 2020, Appellant filed the instant, timely PCRA petition *pro se*.[3] PCRA counsel was subsequently appointed to represent Appellant, and

---

[2] 18 Pa.C.S. § 6105(a)(1).

[3] Appellant's PCRA petition was timely as it was filed within one year of the date her judgment of sentence became final on December 23, 2019. **See** 42 Pa.C.S. § 9545(b)(1), (3) (PCRA petition must be filed within one year of date judgment of sentence becomes final, which occurs at the conclusion of direct review); Pa.R.A.P. 1113(a) (subject to exceptions not relevant here, a petition

an evidentiary hearing was held on February 8, 2021. On February 10, 2021, the PCRA court entered an order denying the petition. Appellant filed this timely appeal.

Before this Court, Appellant argues that the PCRA court erred in not finding that Matthew C. Parson, Esquire, Appellant's trial counsel ("Trial Counsel"), was ineffective based upon his failure to immediately object to Chief Wenner's testimony that Appellant knew there was a firearm in her home, a statement which had not been disclosed to the defense in pre-trial discovery. Appellant contends that Trial Counsel admitted that he had no reasonable basis for not immediately objecting to Chief Wenner's testimony as he moved for a mistrial on the same grounds later at trial. Furthermore, Appellant contends that she was prejudiced by Trial Counsel's error because her statement to Chief Wenner regarding knowledge of the firearm's existence was the primary means by which the Commonwealth proved her constructive possession of the firearm.[4]

---

for allowance of appeal to the Pennsylvania Supreme Court must be filed within 30 days after the entry of the order of the intermediate appellate court); *see also* 1 Pa.C.S. § 1908 (when the last day for a statutory filing deadline falls on a weekend or holiday, the deadline shall be extended until the next business day); Pa.R.A.P. 107 (incorporating 1 Pa.C.S. § 1908 with respect to deadlines set forth in the Rules of Appellate Procedure).

[4] The Commonwealth argues that Appellant has waived "many, if not all," of her appellate issues in light of the vagueness of her concise statement of errors complained of on appeal filed pursuant to Rule of Appellate Procedure 1925(b). Commonwealth Brief at 4. It is well-established that vague and generic claims of trial court error in a Rule 1925(b) statement are insufficient

We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and its legal conclusions are free of error. ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020). When supported by the record, the PCRA court's factual findings and credibility determinations are binding on this Court, but we review the lower court's legal conclusions under a *de novo* standard of review. ***Id.*** Our scope of review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the Commonwealth, the party who prevailed below. ***Id.***

In assessing a claim of ineffective assistance under the PCRA, we begin our analysis with the presumption that counsel has rendered effective

_____

to satisfy the rule and will lead to waiver of the appellate issues. ***See*** Pa.R.A.P. 1925(b)(4)(ii), (vii); ***Commonwealth v. Parrish***, 224 A.3d 682, 700 (Pa. 2020). Here, Appellant raised several vague appellate issues relating to Trial Counsel's supposed ineffectiveness in investigating evidence prior to trial and his awareness of the facts of the case at trial, and the PCRA court found these issues to be waived in its Rule 1925(a) opinion. ***See*** Rule 1925(b) Statement, 2/23/21; PCRA Court Opinion, 4/26/21, at 3-4. However, Appellant did raise in her 1925(b) statement the issue she argues in this appeal pertaining to Trial Counsel's delay in objecting to damaging testimony, and the PCRA court was able to discern this issue and fully address it in the court's opinion. ***See*** Rule 1925(b) Statement, 2/23/21; PCRA Court Opinion, 4/26/21, at 4-5. Therefore, we do not find waiver of the issue raised by Appellant in this appeal. ***See Commonwealth v. Rogers***, 250 A.3d 1209, 1224-25 (Pa. 2021) (stating that where the Rule 1925(b) statement is imprecise as to the specific nature of the claim, but the trial court had no difficulty in apprehending the appellate issue and addressed it substantively in its Rule 1925(a) opinion, appellate courts should not find waiver).

assistance. ***Commonwealth v. Reid***, 259 A.3d 395, 405 (Pa. 2021). To overcome the presumption, the petitioner must show that:

> (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different.

***Id.*** (citation and quotation marks omitted). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. ***Id.***

During his direct testimony, Chief Wenner stated that, immediately after officers found the firearm in Appellant's residence, Appellant asked to speak with him in private and she then told him that she was working with Trooper Jessie King of the Pennsylvania State Police as a confidential informant on drug investigations. N.T., 8/17/18, at 26-27. The following exchange then took place:

> Q. You spoke, I guess, prior to this trooper. You were aware of who [Trooper King] was. Correct?
>
> A. No. I knew of Trooper King. I had not spoken to him prior to that day.
>
> Q. You were aware of what the vice unit was and all that?
>
> A. I've worked extensively with most agencies in my time. We work a lot with the Attorney General's Drug Task Force. We work combined cases with the state police. Again, other agencies. So while I know what the entity is, troop vice is out of Erie. I had not met Trooper King or spoke to him personally before that day.
>
> She said, I'm working with Trooper King. I said, you need to have him call me. It will take us some time to sort this weapon out. **You know you're a convicted felon. You know you can't**

- 5 -

**possess. She goes yes, and she said, I thought he got rid of it.**

Q. Why was that statement significant to you?

A. **She had knowledge it was there. She said it was Justin Steetle's.**

Q. Is that the person she claimed was staying there [in her home] at some point in time?

A. Yes, and his girlfriend, absolutely.

*Id.* at 27-28 (emphasis added).

Trial Counsel did not object at the time of this testimony. Officer Deloe, the next witness at trial, testified that, while being transported to the station, Appellant said that she was allowed to keep the firearm at her house because she was working as a confidential informant and she was "advised to keep tabs" on certain individuals. *Id.* at 54. On cross-examination, Officer Deloe testified that she did not reference Appellant's statement to Chief Wenner in her incident report because she was not present for that conversation, and although Chief Wenner reviewed Officer Deloe's report, he did not ask her to include Appellant's statement in the report. *Id.* at 57-59.

Following Officer Deloe's testimony and after a brief recess, Trial Counsel moved for a mistrial on the basis of Chief Wenner's testimony concerning Appellant's statement that she thought Steetle had "got rid of" the firearm; Trial Counsel argued that the statement was not included in the discovery material provided to the defense and was detrimental to Appellant's case. *Id.* at 27, 69-72. The trial court agreed that the statement to Chief Wenner was an "inculpatory statement" that was required to be turned over

to the defense as mandatory discovery under Rule of Criminal Procedure 573(B). *Id.* at 79-81; *see also* Pa.R.Crim.P. 573(B)(1)(b). The trial court, however, did not view the evidence as sufficiently damaging to Appellant's case to warrant a mistrial; instead, the court ruled that the Commonwealth was barred from using the statement going forward and offered to give a curative instruction for the jury to disregard Chief Wenner's statements. N.T., 8/17/18, at 81-84. After discussing the matter with his client, Trial Counsel declined the trial court's offer of a curative instruction. *Id.* at 86-87.

Appellant raised the issue of the trial court's failure to grant a mistrial on direct appeal. This Court first concluded that there was no *Brady*[5] violation as Appellant's statement to Chief Wenner was not exculpatory but rather "could be described as inculpatory" and also because the evidence was not exclusively within the control of the Commonwealth as it was Appellant's own statement. *Stephenson*, 2019 WL 6242296, at *3; *see also* *Commonwealth v. Bagnall*, 235 A.3d 1075, 1086, 1091 (Pa. 2020) (no *Brady* violation unless undisclosed evidence was "favorable to the accused, either because it is exculpatory or because it impeaches" and the defendant lacked equal access to the information).

With regard to the question of whether the trial court should have granted a mistrial based upon a violation of Pennsylvania discovery rules, this Court found no abuse of discretion in the trial court's assessment that a

---

[5] *See Brady v. Maryland*, 373 U.S. 83 (1963).

mistrial was not warranted because Appellant only suffered "slight prejudice from the statement," the trial court directed the Commonwealth not to refer to the statement for the remainder of trial, and the court offered a curative instruction, which Appellant declined. *Stephenson*, 2019 WL 6242296, at \*3 (citing Trial Court Opinion, 12/21/18, at 5-7). We further stated:

> We agree with the trial court's assessment that any prejudice resulting from the Commonwealth's failure to disclose the statement was minimal. Moreover, [Appellant] had the opportunity to cross-examine Officer Deloe regarding why the challenged statement was not included in the police report. *See* N.T., 8/17/18, at 57-59, 67-68. Because we conclude that [the] Commonwealth did not commit a *Brady* violation, and the trial court did not abuse its discretion in denying a mistrial, [Appellant] is not entitled to relief on this claim.

*Id.*

At the PCRA hearing, Trial Counsel testified that he did not immediately object to Chief Wenner's testimony relating to Appellant's statement because at the time he was not sure whether the statement was not included in discovery materials; after the moment passed, Trial Counsel decided to build a record for his mistrial motion during Officer Deloe's testimony by asking her whether the statement was in fact included in the incident report. N.T., 2/8/21, at 7-8. Trial Counsel viewed Appellant's statement to Chief Wenner as "extremely damaging" to her trial defense that she was completely unaware of the firearm's presence in her house. *Id.* at 6, 8. Trial Counsel stated that he decided, after consultation with his client, to not request a curative

J-A25044-21

instruction because he did not want to call undue attention to Chief Wenner's testimony.[6]  *Id.* at 9, 13.

The PCRA court concluded that, even assuming Appellant satisfied the first two prongs of the ineffective assistance of counsel test, Appellant's ineffectiveness claim failed as she had not shown prejudice based upon Trial Counsel's failure to timely object to Chief Wenner's testimony.  PCRA Court Opinion, 4/26/21, at 4.

> Even if [Trial Counsel] had objected immediately, the jury still would have heard the statement.  Furthermore, the [trial c]ourt sustained the objection and precluded any further use of the statement as a sanction for failure to disclose it; there is nothing

---

[6] At the PCRA hearing, Appellant testified that Trial Counsel recommended to her that she not elect to have the trial court administer a curative instruction and she agreed with Trial Counsel's recommendation that they should draw as little attention as possible to Chief Wenner's testimony.  N.T., 2/8/21, at 25, 33-34.  We note that Appellant focuses her appellate argument on Trial Counsel's failure to lodge a timely objection to the testimony, rather than his decision to decline the curative instruction.  However, Appellate states in one isolated portion of the argument section of her brief that "[w]ithout a curative instruction to the jury, the evidence came in unscathed from a factfinder perspective."  Appellant's Brief at unnumbered page 31.  To the extent Appellant sought to argue that Trial Counsel was ineffective for failing to request the curative instruction, we would find this argument waived as it is not included in Appellant's Rule 1925(b) statement or developed in any meaningful fashion in her brief.  *See* Pa.R.A.P. 1925(b)(4)(vii); *Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014).  In any event, we would conclude that Trial Counsel articulated a reasonable basis for not seeking a curative instruction in order to not draw unnecessary attention to Chief Wenner's testimony, a tactic that Appellant agreed with at trial.  *See Commonwealth v. Washington*, 927 A.2d 586, 606-07 (Pa. 2007) (trial counsel had reasonable basis not to seek curative instruction regarding improperly admitted evidence on the ground that it would have highlighted the issue to the jury to the defendant's detriment).

- 9 -

> to indicate that an immediate objection by [Trial Counsel] would
> alter this result in a manner more favorable to [Appellant].

*Id.* Echoing this Court's opinion on the direct appeal, the PCRA court additionally noted that any prejudice resulting from the Commonwealth's failure to disclose the evidence was "minimal" and that Appellant was able to cross-examine Officer Deloe about the absence of any mention of Appellant's statement to Chief Wenner in in her incident report. *Id.* at 4-5 (quoting *Stephenson*, 2019 WL 6242296, at *3).

Upon review, we agree with the PCRA court's analysis. As explained by the PCRA court, the trial court did in fact entertain Appellant's untimely objection and granted Appellant partial relief, albeit not the mistrial that Appellant requested. This Court found no abuse of discretion in the trial court's resolution of the issue, agreeing that Appellant was only minimally prejudiced by the Commonwealth's failure to disclose Chief Wenner's testimony in advance.[7] Appellant has articulated no reason why an earlier

---

[7] We note that, while Trial Counsel testified that the admission of Appellant's statement to Chief Wenner was in effect a "confession" and severely undermined Appellant's defense that she was completely unaware that there was a firearm in her house, N.T., 2/8/21, at 6, 8, this was not her only statement admitted at trial that contradicted her defense and showed her awareness of the firearm in her house. Appellant also told Officer Deloe that she was allowed to have a firearm in her house because she was "keep[ing] tabs" on certain indviduals in her role as a confidential informant. N.T., 8/7/18, at 54. Trooper King of the Pennsylvania State Police testified that while Appellant did act as a confidential informant with his unit for one controlled purchase, she was never authorized to keep a firearm in her house. *Id.* at 91-92. Furthermore, unlike Appellant's conversation with Chief Wenner, her statement to Officer Deloe indicated her knowledge that the

objection would have led to a more favorable result, whether before the trial court or on direct appeal. Furthermore, even if Trial Counsel had timely objected, it would not have avoided the jury hearing the objectionable testimony and an immediate objection could have served to highlight Chief Wenner's testimony for the jury, as Trial Counsel recognized during his testimony at the PCRA hearing. N.T., 2/8/21, at 8. Moreover, by not immediately objecting, Trial Counsel took advantage of the opportunity of casting some doubt on the veracity of Chief Wenner's testimony by eliciting testimony from Officer Deloe that Chief Wenner had reviewed her incident report and signed off on it, even though it failed to include Appellant's statements to him. N.T., 8/17/18, at 57-59.

Accordingly, we conclude that the PCRA court's determination that Appellant was not prejudiced by Trial Counsel's untimely objection is supported by the record and free of legal error. **Reid**, 259 A.3d at 405. As Appellant did not suffer prejudice from Trial Counsel's untimely objection, her ineffectiveness claim necessarily fails. **Id.** We therefore affirm the denial of PCRA relief.

Order affirmed.

_____

firearm was currently in her home, not just that it had been in her home at some earlier time but she thought it had been removed by her lodger.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/11/2022